JOHN CULVER v. IDA E. H. MOESER *et al.*

EJECTMENT—*General Finding, When Not Disturbed.* A general finding
of a trial court in an action of ejectment, a jury having been waived,
will not be disturbed by this court where there is some evidence to
sustain such a finding.

*Error from Cowley District Court.*

THE opinion states the facts.

*S. D. Pryor,* for plaintiff in error.

*Case & Beach,* for defendants in error.

Opinion by SIMPSON, C.: Action in ejectment to recover a
quarter-section of land in Cowley county. Both sides claim
title through one N. L. F. Monroe, who, in the month of De-
cember, 1879, made a conveyance thereof to Margie Young.
It is claimed that the sole consideration for this conveyance
was paid by William Young, the husband of Margie Young,
and that he caused the deed to be made to her to defraud his
creditors; that the said William Young, at the time this con-
veyance was made, was indebted to several persons, and among
them to the firm of Morehead, Young & Co., who recovered
a judgment against William Young in the district court of
Shawnee county, on the 13th day of May, 1875, and on the
14th day of February, 1880, a transcript of which judgment
was duly filed in the office of and with the clerk of the dis-
trict court of Cowley county, and became a lien on all the
lands and real estate of William Young in that county, and
particularly the land in controversy; that an execution was
issued on said judgment, and said land sold to Geo. W. Crane,
who received a sheriff's deed therefor on the 11th day of June,
1880; that Crane sold and conveyed said land to one H. L.
Barker on the 21st day of June, 1880, who took possession
of the same; that Barker sold said land, and conveyed it to
Marion Culver on the 2d day of December, 1881, and since

that time two-thirds of said land has been conveyed to this plaintiff in error, John Culver, and Adilene Tully and Marion Culver are the owners of the other third; that these parties have been in the actual, open and notorious possession of this land, claiming to be the owners thereof, ever since the 21st day of June, 1880; that more than six years have elapsed since the recording of said sheriff's deed to said land. John Culver filed a supplemental answer, alleging that since this action was commenced, he had become the sole owner of the land in controversy. Margie Young conveyed this land to Thomas W. Cochrane; Cochrane conveyed it to Wm. P. Wilson; Wilson conveyed it by quitclaim to I. E. H. Moeser. Margie Young conveyed to Cochrane 19th February, 1880; Cochrane conveyed to Wilson 7th May, 1881; Wilson conveyed to Moeser 20th November, 1884. At the September term, 1888, a jury was waived and a trial had by the court, and a general finding for the defendant in error was made, and judgment entered in her favor. A motion for a new trial was overruled, and the case is here for review.

The sole contention of counsel for the plaintiff in error here is, that on the evidence produced at the trial the plaintiff in error was clearly entitled to a judgment in his favor, and that there is no evidence to sustain the judgment rendered. Counsel overlooks the fact that there is not a particle of evidence tending to connect Margie Young with the judgment of Morehead, Young & Co., or with an attempt to defraud the creditors of her husband, or with any knowledge of the gambling transaction in which her husband participated, until this action is commenced by an apparently innocent purchaser to recover the possession of the land. And in the meantime Margie Young has conveyed to Cochrane, Cochrane has conveyed to Wilson, and Wilson to Mrs. Moeser, the defendant in error, with no hint in the evidence that either Cochrane, Wilson or the defendant in error had notice or knowledge of the gambling transaction, or of the attempt on the part of Young to defraud his creditors. And all the time there was nothing in the record in any manner connecting Margie Young with the

judgment and sale of this land to satisfy the claim of Morehead, Young & Co. The first subdivision of § 16 of the code has no application to the facts in this case so far as the defendant in error is concerned. She is not the execution debtor or his heir, nor does she claim under him, but she claims by virtue of the title held by Margie Young; whereas, the judgment on which the land was sold was not rendered against Margie Young, but against William B. Young, her husband. If this conveyance was made to Margie Young, the consideration having been paid by her husband, and the title was put in her name to defraud his creditors, and Mrs. Moeser knew these facts at the time she bought the land, then there would be force in the claim; but there is no evidence showing notice to or knowledge by either Cochrane, Wilson or the defendant in error, of these facts. It is partially shown that the sole consideration for the conveyance by Monroe to Margie Young was a gambling debt due from Monroe to Wm. Young; but this is not shown to have been known to Cochrane, who bought from Mrs. Young, or to Wilson, who bought from Cochrane, or to the defendant in error, who bought from Wilson. There is no legal view that can be taken of the facts disclosed by this record that would justify a reversal of the cause.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.